# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY C. POUYADOU, Jr., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 13-00171-N |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Anthony C. Pouyadou, Jr. brings this action seeking judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). (*See* Doc. 15 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 17 (order of reference).) Upon consideration of the administrative record ("R.") (Doc. 10), Pouyadou's brief (Doc. 12), and the Commissioner's brief (Doc. 13),[1] it is determined that the

---

[1] The Court granted Pouyadou's request to waive oral argument. (*See* Docs. 16, 18.)

Commissioner's decision denying Pouyadou benefits should be **AFFIRMED**.[2]

## I. Procedural Background

On September 25, 2009, Pouyadou filed an application for DIB (R. 107-110) and one for SSI (R. 111-113), alleging disability beginning September 1, 2006 (*see* R. 107, 111). His applications were initially denied. (*See* R. 9, 57-61.) A hearing was then conducted before an Administrative Law Judge on March 11, 2011 (*see* R. 23-46). On June 8, 2011, the ALJ issued a decision finding Pouyadou was not disabled (R. 9-22), and he sought review from the Appeals Council. The Appeals Council issued its decision declining to review the ALJ's determination on February 12, 2013 (*see* R. 1-4)—making the ALJ's determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on April 18, 2013 (*see* Doc. 1).

## II. Standard of Review and Claim on Appeal

In all Social Security cases, the plaintiff bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether the plaintiff has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history. *Id.* Once the plaintiff meets this

---

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 15, 17 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

burden, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Although at the fourth step "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the ALJ's decision to deny plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Bernhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

On appeal to this Court, Pouyadou raises one issue: whether the ALJ committed reversible error by failing to properly assess his pain? (*See generally* Doc. 12.)

### III. <u>Analysis</u>

#### A. Standard for Assessing a Plaintiff's Complaints of Pain and His or Her Credibility.

It is clear that Pouyadou's "subjective complaints of pain cannot in and of themselves serve as conclusive evidence of disability. [Instead, t]he record must document by medically acceptable clinical or laboratory diagnostic techniques the existence of a medical impairment which could reasonably be expected to produce the disabling pain." *Petteway v. Commissioner of Soc. Sec.*, 353 Fed. App'x 287, 288 (11th Cir. Nov. 18, 2009) (per curiam) (quoting *Chester*, 792 F.2d at 132).

> [In this Circuit, moreover, a] three-part "pain standard" applies when a claimant attempts to establish disability through his own testimony of pain or other subjective symptoms. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The pain standard requires: (1) evidence of an underlying medical condition, and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) the objectively determined medical condition is of such a severity it can be reasonably expected to give rise to the alleged pain. *Id.*
>
> When a claimant testifies to subjective complaints of pain, the ALJ must clearly articulate adequate reasons for discrediting the claimant's allegations of disabling symptoms. *Dyer*, 395 F.3d at 1210. In articulating his reasons, the ALJ need not specifically refer to every piece of evidence, so long as the decision "is not a broad rejection which is not enough to enable the district court or [, if necessary, the court of appeals] to conclude that the ALJ considered [the] medical condition as a whole." *Id.* at 1210–11 (quotation omitted). A clearly articulated credibility determination supported by substantial evidence will not be disturbed. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

4

*Petteway*, 353 Fed. App'x at 288-89 (some internal citations modified).

As to an ALJ's credibility determination, as one court explained in the context of discussing the three-part pain standard (first adopted in *Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986)), as long as "the implication [is] obvious to the reviewing court[,] . . . the Eleventh Circuit does not require an explicit finding as to the claimant's credibility[.]" *Sharpe v. Astrue*, No. 5:07cv74/RS-MD, 2008 WL 1805436, at *6 (N.D. Fla. Apr. 15, 2008) (citing *Dyer*, 395 F.3d at 1210). Moreover,

> [t]he Eleventh Circuit has approved an ALJ's reference to and application of the standard set out in 20 C.F.R. § 404.1529 [or § 416.929], because that regulation "contains the same language regarding the subjective pain testimony that this court interpreted when initially establishing its three-part standard." *Wilson*, 284 F.3d at 1226. Thus, failure to cite to an Eleventh Circuit standard is not reversible error so long as the ALJ applies the appropriate regulation.

*Id.*; *see also Harville v. Colvin*, No. 4:11–CV–3619–VEH, 2013 WL 1346565, at *6 (N.D. Ala. Mar. 29, 2013) ("If a claimant proves that he or she has an impairment that could reasonably be expected to produce his or her alleged symptoms, then the ALJ must evaluate the intensity and persistence of such symptoms and their affect on his or her ability to work. *Foote*, 67 F.3d at 1561. In doing so, the ALJ may consider the nature of a claimant's symptoms, the effectiveness of medication, a claimant's method of treatment, a claimant's activities, and any conflicts between a claimant's statements and the rest of the evidence. 20 C.F.R. §§ 404.1529(c)(2)-(4), 416.929(c)(2)-(4). If the ALJ wishes to make a credibility determination, then the ALJ 'must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding.' *Foote*, 67 F.3d at 1562 (citation

5

omitted).").

B. **Application.**

Here, at the fourth step of the sequential analysis, after citing §§ 404.1529 and 416.929, among other authority, the ALJ stated:

> In considering the claimant's symptoms, the undersigned must follow a two-step process in which it must first be determined whether there is an underlying medically determinable physical or mental impairment(s)—i.e., an impairment(s) that can be shown by medically acceptable clinical or laboratory diagnostic techniques—that could reasonably be expected to produce the claimant's pain or other symptoms.
>
> Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, the undersigned must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning. For this purpose, whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the undersigned must make a finding on the credibility of the statements based on a consideration of the entire case record.
>
> [Pouyadou] testified that he was not able to work due to knee problems, hurting all the time and mental health issues. He related that he had been diagnosed with Hepatitis C and bipolar disorder. However, he was not seeing anyone for mental health treatment. He has been prescribed medication through the Health Department for management of his anxiety. He had been referred to AltaPointe for mental health care but does not yet have an appointment. He testified that he stopped using alcohol 7 or 8 years ago. However, his testimony is inconsistent with the record. While the claimant's alcohol use is not material, it is noted that in 2009 he was still drinking. He stated that he needs "knee caps." He gets spasms and pain through his legs, which occurs about once or twice a month. He is not taking anything for pain because he is scared it will harm his liver. He spends the majority of his day watching television and lying down.
>
> After careful consideration of the evidence, the undersigned finds that [Pouyadou's] medically determinable impairments could reasonably be

> expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(R. 13-14.) The ALJ then—she claims, "[f]or historical purpose only"—recounts Pouyadou's relatively extensive medical history. (*See* R. 14-15.) She also discusses the medical opinion evidence. (*See* R. 15-16.)

First, it is clear that the ALJ focused on both Pouyadou's mental health issues and his proclaimed knee pain as reasons to discount his subjective statements concerning his alleged symptoms. While there is no error in that, this appeal is focused on whether the ALJ properly assessed—and then discounted—Pouyadou's pain testimony. As such, the Court's review of the ALJ's decision is constrained to whether the ALJ clearly articulated adequate reasons for discrediting Pouyadou's allegations of pain—that is, whether the ALJ's credibility determination enables this Court to conclude that she considered Pouyadou's medical condition as a whole. Wrapped into this Court's review of the ALJ's credibility determination is, of course, whether the reasons the ALJ articulates for rejecting Pouyadou's allegations of, here, knee pain are proper; if they are not proper, the ALJ's credibility determination cannot be supported by substantial evidence. *See, e.g., Miles v. Astrue*, Civil Action No. 05-5892, 2007 WL 764037, at *4 (E.D. Pa. Mar. 9, 2007) ("Based on [the] record, the Court concludes that the ALJ articulated proper reasons for rejecting plaintiff's subjective complaints, and as such the factual findings are supported by substantial evidence.").

Even proper reasons must, however, also be supported by substantial

7

evidence for the Court to affirm an ALJ's credibility determination. *Compare Campbell v. Astrue*, No. 5:07cv196/RS-EMT, 2008 WL 3979499, at *7 (N.D. Fla. Aug. 22, 2008) ("Thus, the reasons articulated by the ALJ for discrediting Plaintiff's subjective complaints are proper, **and** they are based upon substantial evidence in the record. Accordingly, the ALJ did not err in discrediting Plaintiff's allegations. (citing *Jones v. Department of Health & Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (emphasis added)); *Harville*, 2013 WL 1346565, at *6 ("Substantial evidence must support the reasons given for discrediting [a claimant's] testimony." (citing *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987)); *and Lockhart v. Barnhart*, 148 Fed. App'x 628, 629 (9th Cir. Sept. 16, 2005) (mem. op.) ("The record establishes that the ALJ applied the proper factors set forth in 20 C.F.R. § 404.1529, did not reject the complaint of pain solely due to a lack of objective medical evidence, and provided several clear and convincing reasons, supported by substantial evidence, to justify his credibility determination. Therefore, the ALJ did not improperly reject Lockhart's testimony regarding the impact of her disabilities on her ability to work."), *with Harris v. Commissioner of Soc. Sec.*, Civil Action No. 10–cv–13410, 2011 WL 3440755, at *12 (E.D. Mich. June 14, 2011) ("[T]he ALJ's decision is flawed for[, among other,] reasons: . . . Substantial evidence does not support the ALJ's decision to discount Plaintiff's statements regarding his pain."), *report and recommendation adopted*, 2011 WL 3471436 (E.D. Mich. Aug. 8, 2011).

Further, "[t]he fact that one of the stated reasons for discounting a claimant's credibility concerning his or her subjective complaints is improper does not render

8

an ALJ's credibility determination invalid, as long as that determination is supported by substantial evidence in the record[.]" *Richard v. Colvin*, No. 12–5671BHS, 2013 WL 4522082, at \*6 n.4 (W.D. Wash. Aug. 27, 2013) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (credibility determination based on, among other things, plaintiff's "tendency to exaggerate" proper when supported by "substantial evidence"); *Bray v. Commissioner of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (while ALJ relied on improper reason for discounting claimant's credibility, he presented other valid, independent bases for doing so, each with "ample support in the record")); *see also Lankford v. Astrue*, No. 1:07–cv–01668–TAG, 2009 WL 817390, at \*8 (E.D. Cal. Mar. 26, 2009) ("[E]ven if it had been error [for the ALJ "to use 'ordinary techniques' in evaluating a claimant's credibility"] and, therefore, not a proper consideration in discounting the credibility of Claimant's subjective complaints, the ALJ nevertheless articulated other clear and convincing reasons, supported by substantial evidence, for discrediting Plaintiff's subjective complaints of pain." (citing *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004)).

Taking the ALJ's stated reasons for discrediting Pouyadou's pain testimony one at a time, the Court finds that the ALJ has discredited Pouyadou's testimony for several proper reasons. Those articulated proper reasons are, furthermore, all supported by substantial evidence. *E.g., Richard*, 2013 WL 4522082, at \*6 n.4. Her credibility determination, accordingly, will not be disturbed, and the ALJ's decision will be affirmed. *Petteway*, 353 Fed. App'x at 289 ("A clearly articulated

credibility determination supported by substantial evidence will not be disturbed." (citing *Foote*, F.3d at 1562)).

- **Inconsistency of testimony regarding alcohol use.** At the March 11, 2011 hearing before the ALJ, Pouyadou testified that he "stopped using alcohol seven to eight years ago." (R. 32.) And while the ALJ fails to provide a record citation to support her assessment regarding Pouyadou's alcohol use in 2009, it appears that Dr. Lucille Williams, a clinical psychologist who examined Pouyadou on November 23, 2009, reported that Pouyadou stated "he last drank 'about eight months ago.'" (R. 196 ("He admits to substance abuse. 'I guess I started drinking when I was 20 years old. It became a problem in about 1990. I quit for ten years and started drinking again when my dad died in 2001. I was probably drinking some every day.' He last drank 'about eight months ago.' He experienced blackouts and withdrawal symptoms. No history of substance abuse treatment is reported. He smokes cigarettes.").) Williams diagnosed Pouyadou as alcohol dependent in early partial remission. Clearly, it is proper for an ALJ to consider "any conflicts between a claimant's statements and the rest of the evidence." *Harville*, 2013 WL 1346565, at *6; *see* 20 C.F.R. § 404.1529(c)(4) ("We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your treating or nontreating source or other persons about how your symptoms affect you."); *see also Gontes v. Astrue*, 913 F. Supp. 2d 913, 921 (C.D. Cal. 2012) ("Because Plaintiff's

testimony conflicted with the evidence that her medical conditions only minimally affected her ability to work and that her pain, diabetes, and asthma were well-controlled with medication and other treatments, the ALJ properly discounted it." (citations omitted)); *Fobian v. Astrue*, No. ED CV 08–567 PJW, 2009 WL 3416219, at *3 (C.D. Cal. Oct. 18, 2009) (use of record evidence "to conclude that [a claimant is] not truthful . . . is a valid reason to discredit a claimant's testimony"). Accordingly, this is a proper reason supported by substantial evidence to discredit Pouyadou's testimony.

• **Pouyadou "needs 'knee caps'" comment.** In describing his pain to the ALJ at the hearing—Q: "You mentioned that you hurt all the time. Is it musculoskeletal type pain? Do you have something wrong with you, you have back problems, any type . . ."—Pouyadou stated, "I need kneecaps, but I was so young, being on my knees for 30 years laying floors, I've, I have burned the center of my knees out." (R. 33.) Thus, the Court is confused why the ALJ uses, without any explanation whatsoever, "He stated that he needs 'knee caps'" as a reason to discredit Pouyadou's testimony. This statement is therefore not a proper reason not supported by substantial evidence to discredit Pouyadou's testimony.

• **"[S]pasms and pain through his legs[ ] occur about once or twice a month."** Pouyadou made this admission in answer to a follow-up on his kneecap testimony (*see* R. 33 (". . . Now far as, far as the spasms, the, the pains I get through my legs where I've got, where I'm totally hollering and yelling where my wife, luckily my wife's there most of the time, and I wrap cold tourniquets around

11

them. And it's very, very painful where you, where you have to gnaw on a piece of wood. [Q:] How often does that happen for you a week? [A:] Once or twice a month."). The clear implication here is that Pouyadou's pain is not always present, and, in assessing whether to discount a claimant's testimony, an ALJ may certainly "consider the nature of the claimant's symptoms[.]" *Harville*, 2013 WL 1346565, at *6; *see* 20 C.F.R. § 404.1529(c)(4) ("We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled."). As such, this is a proper reason supported by substantial evidence to discredit Pouyadou's testimony.

- **Failure to take "anything for pain because he is scared it will harm his liver."** Where the record reflects a claimant's health concerns are well founded, as is the case here, it is improper to discount his or her pain testimony/credibility because he or she testifies to a concern that pain medicine will cause or contribute to, i.e., organ damage *without further addressing the claimant's stated concern*. *See, e.g., Fobian*, 2009 WL 3416219, at *3 ("[T]he ALJ overlooked Plaintiff's explanation as to why he did not use more powerful medicine, i.e., because it was addictive and had the potential to harm his liver, which was already at risk from hepatitis. This was error." (citing *Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (holding ALJ erred by rejecting credibility of witness based in part on claimant's failure to take more potent pain medication without addressing his claim that he chose not to

because of adverse side effects of medication)).

- **Pouyadou "spends the majority of his day watching television and lying down."** Similar to the "kneecap" comment, the ALJ states, without further explanation, "[Pouyadou] spends the majority of his day watching television and lying down." (R. 13.) While an ALJ can consider "a claimant's activities," *Harville*, 2013 WL 1346565, at *6, there is no obvious implication to this Court how this statement properly discredits Pouyadou's pain testimony. Therefore, this statement standing alone is not a proper reason supported by substantial evidence to discredit Pouyadou's testimony.

## IV. Conclusion

As discussed above, the ALJ articulated multiple reasons for discounting Pouyadou's credibility concerning his subject complaints. The Court has found that some of these reasons are not proper. That does not, however, invalidate the ALJ's credibility determination. *E.g., Bray*, 554 F.3d at 1227 (9th Cir. 2009). To the contrary, the multiple proper reasons for discounting Pouyadou's credibility, all of which are supported by substantial evidence, necessitate a finding of no error.

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Pouyadou benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the 5th day of November, 2013.

       */s/ Katherine P. Nelson*
       **KATHERINE P. NELSON**
       **UNITED STATES MAGISTRATE JUDGE**